## MAST v. WICHITA FALLS CLINIC HOSPITAL.

### No. 15368.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 3, 1952.

Rehearing Denied Oct. 31, 1952.

John Davenport, of Wichita Falls, Crenshaw, Dupree & Milam, of Lubbock, for appellant.

Bullington, Humphrey, Humphrey & Fillmore, of Wichita Falls, for appellees.

HALL, Chief Justice.

The written contract to be construed by this court established a partnership between appellant, Dr. John R. Mast, and appellees, Dr. O. B. Kiel et al., dba Wichita Falls Clinic Hospital of Wichita County.

Trial was before the court, which rendered judgment in favor of appellees and against appellant that appellant take nothing by his lawsuit against appellees.

The bone of contention set out in appellant's pleadings and in his point here is predicated upon the theory that under the contract appellant was entitled to two and one-half months' salary, amounting to the sum of $4,391.65, from May 27, 1950, date appellant voluntarily retired from the partnership.

The contract being unambiguous, we shall look to it alone while interpreting its provisions in question.

Portions of the contract in controversy are as follows:

"A. Any partner may retire from the Wichita Falls Clinic and Wichita Falls Clinic-Hospital upon giving thirty (30) days notice, in advance, of such retirement to the Wichita Falls Clinic and Wichita Falls Clinic-Hospital, and in the event of such retirement, such partner so retiring agrees to transfer and convey to the remaining partners of the Wichita Falls Clinic and the Wichita Falls Clinic-Hospital all of his interest, including all accounts that may be due by virtue of his services and good will, as well as his right, title or estate in and to the Wichita Falls Clinic and Wichita Falls Clinic-Hospital: the value of such interest will be that percentage which he holds of the entire partnership, the value of same being set up from time to time by the Board of Control, and the selling price shall be that last recorded by the Board of Control before the notice of withdrawal. It is distinctly understood and agreed by all partners that, upon the retirement of any Partner, he or they shall relinquish any right, claim or title to any of the outstanding accounts and good will due and owing on account of his services to the Wichita Falls Clinic and Wichita Falls Clinic-Hospital. * * *

\*   \*   \*   \*   \*   \*

"B. In the event the retirement of a Partner is requested by the members of this Partnership, or by the Board of Control, (and this right is also given to said Board of Control) such remaining Partners shall immediately pay, in cash, to each retiring Partner or Partners so requested to retire, the value of his or their interest in the assets of said partnership known as the

Wichita Falls Clinic and Wichita Falls Clinic-Hospital, as fixed by the Board of Control, as set up in paragraph 'A'; and in addition thereto, pay two and a half months' salary from and after the date of notice that they request the retiring Partner for his retirement or severance. The salary to be the average monthly salary as shown by the preceding semi-annual statements, preceding the date of such retirement. If any partner shall retire from such co-partnership, or be requested to retire, and if the remaining Partners desire him to vacate said premises and his office, he shall do so immediately after the date of his retirement (either voluntarily or unvoluntarily) and the remaining Partners shall have the right and privilege subject to the authorization of the Board of Control of immediately dispossessing him from his office and quarters in said hospital. In the event said retiring Partner immediately vacates said premises, he shall be paid his two and one-half months' salary within a period of thirty days."

It is undisputed that appellees paid appellant in full for his partnership interest according to terms of the contract.

It is also undisputed that appellant voluntarily withdrew from the partnership for the purpose of joining his brothers in the practice of medicine in another city. Thus, his action in retiring comes under section A, supra.

Appellant's contention that appellees owe him for two and one-half months' salary after his voluntary retirement is based upon the last sentence in paragraph B, thus: "In the event said retiring Partner immediately vacates said premises, he shall be paid his two and one-half months' salary within a period of thirty days." Appellees contend, and the court so found, that this provision refers only to a partner who has been requested to retire from the partnership by the remaining members. This finding is supported by language of the contract, to-wit: "In the event the retirement of a Partner is requested by the members of this Partnership, * * * such

remaining Partners shall immediately pay, in cash, to each retiring Partner or Partners so requested to retire, the value of his or their interest in the assets of said partnership * * * and in addition thereto, pay two and a half months' salary from and after the date of notice that they request the retiring Partner for his retirement or severance. * * *" Thus, it is noted that the two and one-half months' salary shall only be paid in the event notice or request to retire is given one of the partners.

We find the trial court did not err in construing the contract in favor of appellees. The only place in that portion of the contract under consideration where the language covers an act of retirement *either voluntary or involuntary* is in the sentence preceding the one relied upon by appellant, supra. This sentence pertains to members of the partnership vacating the premises immediately after the date of such retirement "either voluntary or unvoluntary." Outside of this line of thought under section B, the remainder of said section has to do with those partners who are requested by the remainder of the partners or by the partnership Board of Control to retire and vacate the property.

We believe the trial court's interpretation is sound. It is reasonable for partners to agree that if one is dissatisfied or wishes to retire from the partnership for some reason known to himself, which he believes is for his own advantage, there is no just cause for the partnership to pay him advanced salary which he has not earned. His voluntary retirement is, no doubt, in many instances a detriment to the partnership.

If the retirement is forced by action of the remaining partners, or by other unfortunate circumstances, then the contract specifically calls for some remuneration; for instance, if requested to retire there should be paid to the partner so requested two and one-half months' unearned salary, as provided under paragraph B, supra. Under paragraph C it is provided upon the death of a person who has been a partner for a period of at least one year, his estate will be paid a salary for a period of four months after his death. Then again in par-

agraph D, provision is made in event a member of the partnership is forced to withdraw on account of illness, he will be paid the same as under paragraph C, to-wit, four months' unearned salary.

Finding no error, judgment of the trial court is affirmed.